```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    O. BENTON CURTIS
 4  Assistant Chief
    Fraud Section, Criminal Division
 5  United States Department of Justice
    FRED MEDICK
 6  Trial Attorney
    Fraud Section, Criminal Division
 7  United States Department of Justice
         1100 United States Courthouse
 8       312 North Spring Street
         Los Angeles, California  90012
 9       Telephone: (202) 674-5653
         E-mail: Fred.Medick@usdoj.gov
10
    Attorneys for Plaintiff
11  United States of America
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 12-905-R-3 |
|---|---|
| Plaintiff, | ) <u>ORDER DENYING DEFENDANT SRI J.</u> <u>WIJEGUNARATNE'S MOTION FOR A</u> |
| v. | ) <u>BILL OF PARTICULARS</u> |
| SRI J. WIJEGUNARATNE, | ) |
| Defendant. | ) |

IT IS HEREBY ORDERED THAT the Motion for a Bill of Particulars filed by defendant Sri J. Wijegunaratne is DENIED.  A defendant may request a bill of particulars where the indictment is insufficient to permit the preparation of an adequate defense.  F<small>ED</small>. R. C<small>IV</small>. P. 7(f).  A bill of particulars is not, however, a vehicle for compelling the government to provide more information to the defendant than the defendant is otherwise entitled through ordinary discovery.  Furthermore, a bill of particulars is not

warranted where the defendant merely seeks to have the dates, times, overt acts, or identities of co-conspirators specified. United States v. DiCesare, 765 F.2d 890, 897 (9th Cir. 1985).

The defendant seeks a bill of particulars to obtain further information about the charges against him; the form of the request, however, is nothing more than a request for additional discovery into the government's theory of the case. On the face of the indictment, the allegations against the defendant are reasonably particularized and provide the defendant with sufficient notice to allow him to prepare an adequate defense. Further, the defendant does not identify any prejudice or surprise that might arise at trial and that could be avoided or minimized by a bill of particulars.

In addition, and alternatively, the defendant asks for further discovery pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), Brady, and Giglio. With respect to the defendant's various requests, the government asserts that it has produced all information required by its discovery obligations, and moreover, that it has already produced all the information requested by the defendant's current motion to the extent that such information exists. The defendant does not dispute that the government has provided some information to him, but the defendant does assert that the information provided by the government is not complete or is insufficient in its form.

Based on the evidence and arguments presented by the parties, the Court finds that the government has complied with its discovery obligations up to this point, and so long as the government continues to supplement its discovery production as

required by the Rules of Criminal Procedure, Brady, and Giglio, and by this Court's standing order, the defendant will have sufficient information to prepare an adequate defense. The government need not provide the information in the most convenient form or at a time most convenient for the defendant. The government has no more than an obligation to disclose the information required by the Rules as it comes into the possession of the government.

This is not a case like those cited by the defendant where the government has dumped thousands of pages of documents on the defendant and left him to fend for himself; the quantity of information involved here is significantly smaller than in the cases cited by the defendant, and, significantly, the government provided much of the information in searchable electronic form. For the foregoing reasons, the defendant's motion is denied.

DATED: _Jan. 2, 2013_

_____
UNITED STATES DISTRICT JUDGE

Presented by:

    /s/
_____
FRED MEDICK
Trial Attorney