**United States District Court**
**Central District of California**

**UNITED STATES OF AMERICA vs.**                    CR <u>12-905(A)-R       </u>

Defendant <u>**DR. SRI J. WIJEGUNARATNE**         </u>    S.S.#<u>-------5738   </u>

Residence: <u>820 S Cottontail Lane</u>          Mailing: <u>  SAME        </u>
           <u>  Anaheim, CA 92808 </u>                    <u>               </u>

---

### JUDGMENT AND PROBATION/COMMITMENT ORDER

---

    In the presence of the attorney for the government, the defendant appeared in person, on:<u>   SEPTEMBER 9, 2013    </u>
                             Month / Day / Year

COUNSEL:
    <u>     </u> WITHOUT COUNSEL
    However, the court advised defendant of right to counsel and asked if defendant desired to have counsel appointed by the Court and the defendant thereupon waived assistance of counsel.
    <u> XX </u> WITH COUNSEL <u>Victor Sherman and Michael Khouri, retained  </u>

PLEA:
    <u>   </u> GUILTY, and the Court being satisfied that there is a factual basis for the plea.
    <u>     </u> NOLO CONTENDERE          <u> XX  </u> NOT GUILTY

FINDING:
    There being a jury verdict of <u>  XX  </u> GUILTY, defendant has been convicted as charged of the offense(s) of: Conspiracy to commit health care fraud in violation of Title 18 USC 1349 as charged in count 1 of the first superseding indictment. Health care fraud, causing an act to be done in violation of Title 18 USC 1347, 2(b) as charged in counts 7 through 12 of the first superseding indictment. Conspiracy to pay and receive health care kickbacks, and causing an act to be done in violation of Title 18 USC 371, 2(b) as charged in count 13 of the first superseding indictment.

JUDGMENT AND PROBATION/COMMITMENT ORDER:
    The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgement of the court the defendant is hereby committed to the Bureau of Prisons to be imprisoned for a term of:

    Twenty-seven (27) months.

    The term consists of 27 months on each of counts 1 and 13, and 21 months on each of counts 7 through 12 of the first superseding indictment, all such terms to be served concurrently.

    IT IS FURTHER ADJUDGED that upon release from imprisonment defendant shall be placed on supervised release for three (3) years. The term consists of 3 years on each of counts 1, 7 through 12, and 13 of the first superseding indictment, all such terms to run concurrently under the following terms and conditions: the defendant 1) shall comply with the rules and regulations of the U.S. Probation Office and General Order 05-02, and General Order 01-05, including the three special conditions delineated in General Order 01-05; 2) shall cooperate in the collection of a DNA sample from the defendant; 3) shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgements and any anticipated or unexpected financial gains to the

-- GO TO PAGE TWO --                              <u>    KTI        </u>
                                                                               Deputy Clerk

```
U.S.A. V. DR. SRI J. WIJEGUNARATNE                    CR 012-905(A)-R
-- CONTINUED FROM PAGE ONE --                                PAGE TWO
======================================================================
                  JUDGMENT AND PROBATION/COMMITMENT ORDER
======================================================================
```

outstanding court-ordered financial obligation; and 4) shall not be employed in any position that requires licensing and/or certification by any local, state or federal agency without prior approval of the Probation Officer.

    IT IS FURTHER ORDERED that defendant pay a special assessment of $800.00, which is due immediately.

    IT IS FURTHER ORDERED that the drug testing condition mandated by statue is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

    IT IS FURTHER ORDERED that defendant shall pay restitution in the total amount of $87,846.32 to victims as set forth in a separate victim list prepared by the probation office which this Court adopts and which reflects the Court's determination of the amount of restitution due to each victim. The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.

    IT IS FURTHER ORDERED that defendant shall be held jointly and severally liable with co-participants, Victoria N. Onyeabor, Godwin Onyeabor, and Heidi Morishita (Docket No. CR 12-00905-R) for the amount of restitution ordered in this judgment, to the extent and for the amount that each is determined liable for the same victim losses. The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victims receive full restitution.

    IT IS FURTHER ORDERED that the underlying indictment and any remaining counts are dismissed as to this defendant.

    IT IS FURTHER ORDERED that execution of sentence is stayed until October 7, 2013 at 12 noon, by which date and time the defendant shall self-surrender to his designated institution or to the U.S. Marshal located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012.

    IT IS FURTHER ORDERED that defendant's bond is exonerated upon surrender.

-- GO TO PAGE THREE --      \_\_\_\_\_KTI_____
                                                                          Deputy Clerk

```
U.S.A. V. DR. SRI J. WIJEGUNARATNE                    CR 012-905(A)-R
-- CONTINUED FROM PAGE TWO --                              PAGE THREE
==================================================================
            JUDGMENT AND PROBATION/COMMITMENT ORDER
==================================================================
```

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed.  the Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

Signed by:   District Judge  _____
                                      **MANUEL L. REAL**

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

                                        Terry Nafisi, Clerk of Court

Dated/Filed September 9, 2013        By_____/S/_____
          Month / Day / Year              Kane Tien, Deputy Clerk

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

---

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE**

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1).  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).  Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

    1. Special assessments pursuant to 18 U.S.C. §3013;
    2. Restitution, in this sequence:
        Private victims (individual and corporate),
        Providers of compensation to private victims,
        The United States as victim;
    3. Fine;
    4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
    5. Other penalties and costs.

**SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE**

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By

_____    _____
Date                       Deputy Marshal

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By

_____            _____
     Filed Date                          Deputy Clerk

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_(Signed)_____         _____
       Defendant                                Date


_____              _____
   U. S. Probation Officer/Designated Witness        Date